# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Lexington Division

| | | |
|---|---|---|
| Stephanie Lawson | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Trans Union, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| The Prentice Hall Corp. System | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1.      This is a complaint for damages for Defendant Trans Union, LLC ("Trans Union")'s violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because Plaintiff resides in Garrard County, Ky. and the nucleus of relevant facts and events giving rise to Plaintiff's claims as a consumer, and her damages, occurred within Garrard County, Ky., which is located within this District.

### PARTIES

3.      Plaintiff Stephanie Lawson is a natural person who resides in Garrard County, Ky. Ms. Lawson is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.      Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

5.     In 2012, Ms. Lawson was sued over a medical debt in the Boyle District Court in case 12-C-00879 (the "State Court Lawsuit").

6.     Ms. Lawson does not recall being served with the summons and complaint in the State Court Lawsuit. Nor does she believe that the debt at the basis of the State Court Lawsuit was hers.

7.     Ms. Lawson did not appear in the State Court Lawsuit. The Boyle District Court entered default judgment against her on January 4, 2013 (the "Judgment"). The judgment amount was less than $500.00.

8.     Plaintiff Lawson became aware of the state court Judgment against her when a wage garnishment was issued against her.

9.     Plaintiff Lawson quickly paid off the Judgment in full.

10.     On April 4, 2014, a Notice of Satisfaction of Judgment was filed in the State Court Lawsuit and was a public record that is freely and readily available to all.

11.     On May 10, 2017, Ms. Lawson applied for a home loan with Prime Mortgage Lending, Inc. ("Prime Mortgage").

12.     Prime Mortgage denied Ms. Lawson's loan application based upon her credit report.

13.     After the loan application was denied, Ms. Lawson reviewed her tri-merged credit report that Prime Mortgage used in evaluating her application.

14.     To her great frustration and dismay, Ms. Lawson discovered that Trans Union was still reporting that the Boyle District Court judgment in Case No. 12-C-00879—the Judgment—remained unsatisfied and was still due and owing.

15.     The inaccurate credit information published by Trans Union concerning the Judgment played a substantial factor in the denial of Ms. Lawson's credit application.

16.     Even though the Judgment was satisfied, Trans Union willfully or recklessly or negligently failed to update the information it reported, and continues to report, on Ms. Lawson's consumer credit report, to accurately reflect that the Judgment had been satisfied.

17.     As a result of the inaccurate credit information reported by Trans Union due to its willful or negligent failure to maintain reasonable procedures to assure maximum possible

accuracy, Ms. Lawson was denied credit and financing, or received credit on less favorable terms, because of inaccurate credit information published by Trans Union in connection with the Boyle District Court judgment. In particular, Trans Union falsely and incorrectly published to one or more of its subscribers and users of its consumer reports that the Judgment was unpaid and unsatisfied and that positive balances were still owed on the Judgment.

18.     Trans Union's reporting that the Judgment was unpaid and unsatisfied was inaccurate and violated 15 U.S.C. § 1681e(b). Trans Union failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Lawson's credit reports and credit files it publishes and maintains concerning Ms. Lawson. If Trans Union had reasonable procedures in place, Trans Union would have discovered the filed the notice of satisfaction in the State Court Lawsuit *before* publishing Ms. Lawson's credit report to its subscribers and users of its consumer reports in connection with Ms. Lawson' loan and credit applications.

19.     Trans Union failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Ms. Lawson and the Judgment.

27.     Upon information and belief, Trans Union has a routine, systematic procedure to carefully gather and report derogatory judgments and judgment liens entered against consumers in the consumer reports that it furnishes to users of their consumer reports, but Trans Union does not have the routine, systematic procedures to gather and report information from the same courts for judgments and judgment liens when they become paid and released and to assure maximum possible accuracy.

28.     Trans Union willfully or negligently failed to use and maintain the necessary procedures to assure maximum possible accuracy of the public-record information section of Ms. Lawson's consumer credit reports that it published to third-party users and subscribers. Consequently, Trans Union reported materially false and inaccurate negative credit information concerning Ms. Lawson's paid and satisfied Judgment, *i.e.* Trans Union falsely reported that the Judgment remained unsatisfied and due and owing *after* entry of a satisfaction of judgment in the State Court Lawsuit.

## CLAIMS FOR RELIEF

20.     Plaintiff Stephanie Lawson restates each of the allegations in the preceding paragraphs as if fully set forth herein.

21.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Ms. Lawson

and the satisfied Judgment.

22.     Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Trans Union was on clear notice that the failure to update public records with respect to judgments was problematic for Trans Union. Other lawsuits raising the same issue has been filed against Trans Union in this and other jurisdictions for the same failure.

23.     In the alternative, Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stephanie Lawson requests that the Court grant her the following relief:

1.     Award Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n;

2.     Award Plaintiff actual damages under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

3.     Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

4.     Award Plaintiff Attorney's fees, litigation expenses and costs;

5.     A trial by jury; and

6.     Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
james@creditdefenseky.com
hays@creditdefenseky.com